UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Applicant, | )<br>) |
| vs. | ) 11 C 4456<br>) |
| LOYOLA UNIVERSITY MEDICAL CENTER, | )<br>) |
| Respondent. | ) |

# MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on the Equal Employment Opportunity Commission's (the "EEOC") Application for Order to Show Cause Why A Subpoena Should Not Be Enforced against Loyola University Medical Center ("Loyola"). The EEOC issued the subpoena in the course of an investigation of an alleged violation of Title I of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §12112(d)(4). For the reasons set forth below, the EEOC's Application is denied.

## BACKGROUND

The EEOC is investigating a charge of employment discrimination alleged by Pamela Degliomini ("Degliomini"), a former employee of Loyola. On August 19, 2008, while she was employed at Loyola, Degliomini was required to submit to a "fitness for duty exam" ("FDE"). The FDE consisted of a blood test, a breath alcohol

test, and a medical exam. Upon the completion of the physical portion of the examination, Loyola also suggested that Degliomini submit to a psychiatric evaluation.

Shortly thereafter, Degliomini filed a charge of employment discrimination against Loyola with the EEOC. The charge stated that Loyola had "subjected her to medical tests" and that had been "discriminated against based on a disability" in violation of the ADA. The EEOC subsequently initiated a formal investigation of Degliomini's charge.

In the course of its investigation, on February 16, 2011, the EEOC issued a Request for Information from Loyola (the "Request"). The Request included, *inter alia*, (1) a list of employees who were ordered by certain supervisors to take FDEs since January 2008, (2) the results of the evaluations and the types of testing performed on those individuals, and (3) the reasons each listed employee was required to submit to the FDEs.

Loyola promptly responded to the request and stated that only one employee had been required to submit to an FDE by the specified supervisors. However, Loyola refused to disclose the name of the individual, the results of the test, or the circumstances surrounding the request for the test. In support of its refusal, Loyola cited various federal and state confidentiality laws that it claimed did not permit disclosure of the requested information

In an effort to compel Loyola to produce the requested information, the EEOC issued Subpoena No. CH-11-87 (the "Subpoena") on February 25, 2011. While the initial Request was limited to information regarding FDEs requested by specific supervisors, there was no such limitation in the Subpoena.

The Subpoena demanded the following information of every individual subjected to an involuntary FDE since January, 2008:

- The name, job title, address, and telephone number of each employee tested;
- The date and reason that each employee was tested;
- The name and position of the individual who required each test;
- Any documentation, including medical records and witness statements, to support the reason for subjecting each individual to a test;
- The results and copies of each exam;
- The reasons that an employee was either permitted or not permitted to return to work; and
- The name and position of the person who made the decision of whether or not each employee was permitted to return to work.

On March 17, 2011, Loyola sent a letter to the EEOC stating that it could not provide the information requested in the Subpoena. Loyola maintained that the dissemination of this information would violate federal and state medical confidentiality laws. Loyola did not file a petition to revoke or modify the Subpoena with the EEOC prior to sending its response.

On June 30, 2011, the EEOC commenced this action to enforce the Subpoena. Loyola asserts that the Subpoena is overly broad in that it requests irrelevant

information, and that such information is privileged by various federal and state confidentiality laws.

## LEGAL STANDARD

A subpoena enforcement proceeding is "summary in nature." *E.E.O.C. v. United Air Lines, Inc.,* 287 F.3d 643, 649 (7th Cir. 2002) (quoting *E.E.O.C. v. Tempel Steel Co.,* 814 F.2d 482, 485 (7th Cir. 1987)). Title I of the ADA, through incorporation of Sections 706, 709, and 710 of Title VII, grants the EEOC the authority to investigate charges of employment discrimination based on a disability. 42 U.S.C. §12117(a). This investigatory authority is very broad and includes access to "virtually any material that might cast light on the allegations against the employer." *E.E.O.C. v. Shell Oil Co.,* 466 U.S. 54, 68-69 (1984). The EEOC must proceed with "a realistic expectation rather than an idle hope that something may be discovered." *United Air Lines,* 287 F.3d at 645 (quoting *United States v. Harrington,* 388 F.2d 520 (1968)).

A district court must enforce an administrative subpoena provided that "the investigation is within the agency's authority, the subpoena is not too indefinite, and the information sought is reasonably relevant." *Tempel Steel,* 814 F.2d at 485; *E.E.O.C. v. Quad/Graphics, Inc.,* 63 F.3d 642, 645 (7th Cir. 1995). As such, the role of the district court in such proceedings is "sharply limited." *Tempel Steel,* 814 F.2d at 485.

## DISCUSSION

I. **Loyola's Failure to File a Section 1601.16(b) Petition**

As a threshold matter, this Court must decide whether Loyola has waived its right to challenge the Subpoena by failing to follow the EEOC's procedures for objecting to subpoenas. The federal regulations governing EEOC procedures provide that the target of a subpoena may file a petition to revoke or modify the subpoena within five days after service. 29 C.F.R. §1601.16(b). Loyola, however, did not file such a petition. Rather, nearly three weeks after being served with the Subpoena, Loyola sent the EEOC a letter stating that it would not produce the material requested on advice of counsel.

The EEOC asserts that by not adhering to the procedural requirements of Section 1601.16(b), Loyola has waived any challenges to the Subpoena. In response, Loyola maintains that only patients may waive the confidentiality privileges of federal and state law.

Notably, this is not the first time that Loyola has objected to the EEOC's requests for information in the course of this investigation. In its response to the EEOC's initial Request, Loyola stated that it was prohibited from disclosing confidential medical information under federal and state confidentiality laws. When the EEOC subsequently issued the Subpoena for this information, Loyola re-asserted its objections.

The Seventh Circuit is silent as to whether an employer's failure to file a petition in accordance with Section 1601.16(b) precludes a federal district court from

considering the underlying merits of a challenge to an EEOC subpoena under the ADA. Moreover, our researched has not yielded a single published decision that discusses this issue under the ADA.[1]

Absent any established case law on this precise issue, and due to the sensitivity of the information requested, this court is disinclined to rule on this motion based on Loyola's procedural shortcomings. Furthermore, though Loyola did not follow the procedural requirements of §1601.16(b), it nevertheless gave notice to the EEOC of its objections on two separate occasions. Therefore, we will now address the parties' arguments on the merits.

## II.     Relevance of the Subpoenaed Information

Loyola asserts that the confidential patient information requested by the EEOC is not relevant to the underlying charge. While the investigative authority of the EEOC is very broad, the EEOC is "entitled access only to evidence relevant to the charge under investigation." *Quad/Graphics,* 63 F.3d at 646 (quoting *Shell Oil,* 466 U.S. at 64). The Seventh Circuit has warned against granting so much authority to the EEOC

---

[1] Two Circuit Courts have examined Section 1601.16(b) under Title VII, with differing interpretations. *See, e.g., E.E.O.C. v. Cuzzens of Georgia,* 608 F.2d 1062, 1064 (5th Cir. 1979) (holding that an employer who fails to comply with Section 1601.16(b) "may not thereafter challenge the subsequent judicial enforcement of the subpoena for any reason short of objections based on constitutional grounds"); *but see E.E.O.C. v. Lutheran Soc. Servs.,* 186 F.3d 959, 964 (D.C. Cir. 1999) (holding that "no categorical bar" prevents the courts from considering the facts surrounding an employer's failure to file a Section 1601.16(b) petition).

such that this relevancy requirement "becomes a nullity." *United Air Lines,* 287 F.3d at 654 (citing *Shell Oil,* 466 U.S. at 69).

In assessing the relevance of the information requested by a subpoena, the court must first examine the nature of the charge. *United Air Lines,* 287 F.3d at 654 (citing *Shell Oil,* 466 U.S. at 69). The charge itself, however, provides very limited information about the alleged discrimination. It states only that Degliomini was "subjected to medical tests" and that she believes that she has been "discriminated against because of a disability." In its brief, the EEOC provided more detail into the specific nature of the charge, explaining that Degliomini alleged a violation of Section 102(d)(4) of the ADA, which prohibits an employer from conducting medical examinations of its employees or making inquires as to whether its employees have a disability "unless such examination or inquiry is shown to be job-related and consistent with business necessity." 42 U.S.C. §12112(d)(4).

A determination of whether the FDE is "job related" is a matter that can be determined without recourse to the confidential medical information of other employees. In fact, the medical records of other employees would shed no light whatsoever on whether the FDE given to Degliomini was related to the performance of her professional obligations. The information sought by the EEOC is not relevant to Degliomini's underlying charge.

However, EEOC investigations are not limited to the specific charge of any complainant. *United Air Lines,* 287 F.3d at 653 (internal citations omitted). The EEOC contends that the information sought is relevant to whether Degliomini had been singled out for an FDE based on her disability as well as whether she was subjected to different medical tests than other similarly situated employees.

Even under this broader theory, however, the Subpoena remains unenforceable because the information requested by the EEOC is not sufficiently tailored to the particular circumstances of the investigation. Specifically, the Subpoena is not directed to obtaining information regarding individuals with the same position or similar duties as Degliomini. Rather, the Subpoena seeks the highly sensitive medical information of every Loyola employee that was required to submit to an FDE. Furthermore, the EEOC did not limit its Subpoena, as it did in its initial Request, to employees who were ordered to submit to FDEs by the same supervisor that ordered Degliomini to submit to the exam. When the initial Request only unearthed one such employee, the EEOC greatly increased the scope of its request to include *any* employees who had been ordered to undertake these exams, independent of which supervisor required them to do so.

For these reasons, the EEOC has failed to demonstrate either that the information sought is relevant to the underlying charge or that such information might reveal related

evidence of discrimination. Because the Subpoena is unenforceable, we need not address whether the information requested is protected by federal and state confidentiality laws.

## CONCLUSION

Based on the foregoing analysis, the EEOC's Application is denied.

/s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated: October 13, 2011